# Rodolf & Todd

A PROFESSIONAL LIMITED LIABILITY COMPANY

| | | |
|---|---|---|
| Stephen J. Rodolf | | Jason C. Rush |
| Karen L. Callahan | 2000 MID-CONTINENT TOWER | Christina M. Wolfram |
| Leslie C. Weeks | 401 SOUTH BOSTON AVENUE | S. Shea Bracken |
| Elizabeth K. Hall | TULSA, OKLAHOMA 74103-4014 | Emily M. Jones |
| David A. Russell | | Ryan D. Ensley |
| Chad H. Moody | Phone (918) 295-2100 | Dustin A. Bradley |
| Grant A. Fitz | Fax (918) 295-7800 | Eric S. Loggin |
| Brandon C. Whitworth | | |

May 4, 2015

Robert Alan Rush, Esq.
LOGAN & LOWRY, LLP
101 South Wilson Street
Vinita, OK 74301

    **RE:** ***HARVEY V. WAGONER COMMUNITY HOSPITAL, ET AL.***

Dear Mr. Rush:

    I am in receipt of your letter dated April 29, 2015 identifying broad subjects over which you would like to depose a corporate representative. We are in the process of identifying the representative or representatives necessary to cover these areas. However, some of these subjects cover things which are privileged and/or not discoverable under Oklahoma Law. I would like to confirm that you do not intend to seek information relating to the following subjects identified in your letter:

> 2. The **credentialing of physicians**, including Dr. Gorospe, for the conduct of Bariatric Surgeries, including Roux-En-Y Gastric Bypass Surgery.

This seems to imply that you will seek to discover information regarding the credentialing of other physicians. Obviously this area is not discoverable as Plaintiff has not alleged any doctor other than Dr. Gorospe is negligent, nor has Plaintiff made a credentialing claim against WCH for any doctor other than Dr. Gorospe. We fully intend to offer a representative to discuss the non-protected and non-privileged areas of Dr. Gorospe's credentialing file, as well as the credentialing process at WCH. If you are seeking anything else, please let us know so we can address it with the Court prior to the deposition.

> 5. The **history of Dr. Gorospe**, including any medical malpractice actions or allegations involving Dr. Gorospe.

As mentioned above, the representative that we produce will be prepared to address the non-privileged and non-protected areas of the credentialing process of Dr. Gorospe. This

EXHIBIT B

will include some information regarding prior allegations of medical malpractice against Dr. Gorospe. However, as part of the credentialing process, the National Practitioner's Data Bank is accessed and reviewed. That information is privileged, protected and not discoverable; nor is any peer review information discoverable, including that which is otherwise privileged. As such, any inquiry into that area will not be allowed. If you disagree, please let me know in advance so we can address with the Court prior to the deposition.

> 7. The investigations and results of any investigation respecting the competence of Dr. Gorospe **before he was granted staff privileges**.

Assuming that this subject is meant to address the credentialing process which was undertaken before Dr. Gorospe was granted privileges, we will be prepared to address the non-privileged and non-protected areas of that process. If you mean something else, please let me know in advance.

> 8. The numbers and **outcomes of bariatric surgeries**, including Roux-En-Y Gastric Bypass Surgery at Wagoner Community Hospital.

The numbers of bariatric surgeries, including Roux-En-Y Gastric Bypass Surgery at Wagoner Community Hospital is something we will address. However, the outcomes of any surgery, including Roux-En-Y Gastric Bypass Surgery is privileged and non-discoverable under *63 O.S. § 1-1709* and *§ 1-1709.1*, HIPPA, and the Healthcare Quality Improvement Act of 1986. If you disagree, please let me know prior to the deposition so that it can be addressed with the Court.

> 9. Any instance of misconduct by Dr. Gorospe or behavior that was questioned by Wagoner Community Hospital.

Again, if this is simply meant to convey that you intend to inquire about any issues surrounding Dr. Gorospe's competence prior to him being granted privileges at WCH, we plan to address these issues. If however, you mean something else, then we object. *63 O.S. § 1-1709* and *§ 1-1709.1* clearly describe the information which is discoverable (i.e. only recommendations made and actions taken) and clearly indicated time period in which it is discoverable (prior to the date of care). Please let me know if you disagree so that we can address the matter with the Court prior to the deposition.

> 10. All efforts undertaken by Wagoner Community Hospital to monitor the performance of Dr. Gorospe.

Again, this request could encompass privileged and protected information. That being said, we fully intend to provide a representative to discuss the non-privileged information which is discoverable.

11. Any example or instances of incompetent behavior by Dr. Gorospe

I am not sure what it is you're looking for with this one. It seems to be nearly identical to subject No. 9 except you ask for examples? Again, *63 O.S. § 1-1709* and *§ 1-1709.1* clearly describe the information which is discoverable and clearly indicated time period in which it is discoverable (prior to the date of care). If you intend on seeking information regarding anything else, please let me know so that we can address the matter with the Court prior to the deposition.

12. Any reports of any staff, independent contractors, employees, or patients of Wagoner Community Hospital respecting Dr. Gorospe.

This is very broad and not limited in time or scope. If you agree that you are looking to depose a witness regarding any variance reports related to the care of Dr. Gorospe prior to November 13, 2012 (obviously any patient identifying information or HIPPA information will be redacted) then we agree to produce a representative to discuss that narrow topic. If you are seeking something else, please let me know so that we can discuss prior to the deposition. If we are unable to come to an agreement, we will have to involve the Court prior to the deposition.

13. The doctors and qualifications of doctors cross-covering Dr. Gorospe's bariatric surgery patients.

Again, this may be one where I simply do not understand what you are looking for. If you are seeking credentialing information on any other physician, we object for all the reasons stated above. If you simply want to know what doctors are on staff at WCH and their areas of expertise (ie. Internal medicine, anesthesiology, orthopedics, etc.) please let me know and we can produce a representative to cover that topic.

I look forward to receiving your response soon. Once I do, I will be able to identify the representative or representative(s) that I need to address these topics and can obtain dates for the deposition(s). Additionally, any areas that we cannot resolve ourselves will need to be addressed with the Court prior to the deposition so that we do not have to re-depose the witness. If you have any questions, please do not hesitate to contact Grant or me. Thanks

Sincerely,

Jason C. Rush

cc: Timothy G. Best
    Ben Reed
    E.C. Gilbreath