IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FRANCES HARVEY, ADMINISTRATRIX OF THE ESTATE OF EARLENE FRANCES HARVEY, DECEASED, )<br><br>Plaintiff, )<br><br>vs. )<br><br>(1) LUIS V. GOROSPE, M.D.; )<br>(2) WAGONER HOSPITAL AUTHORITY, d/b/a WAGONER COMMUNITY HOSPITAL; )<br>(3) QUORUM HEALTH RESOURCES, L.L.C.; (4) JOHN DOES I-X and )<br>(5) JANE DOES I-X, )<br><br>Defendants. ) | 6:14-cv-00219-RAW |

**WAGONER COMMUNITY HOSPITAL'S REPLY IN SUPPORT OF ITS MOTION TO QUASH PLAINTIFF'S RULE 30(B)(6) NOTICE TO TAKE DEPOSITION OF CORPORATE REPRESENTATIVE**

COMES NOW the Defendant, Wagoner Community Hospital ("Wagoner" or "WCH"), by and through its counsel of record, Jason C. Rush and Grant A. Fitz, of the law firm of Rodolf & Todd, and hereby submits its *Reply in Support of its Motion to Quash Notice of Deposition of Corporate Representative*, respectfully requesting that this Court enter an Order quashing Plaintiff's *Notice* as set forth herein. In support hereof, Wagoner would show the Court as follows:

1

**ARGUMENTS AND AUTHORITIES**

I. **PLAINTIFF IS NOT ENTITLED TO THE ENTIRE PEER REVIEW AND CREDENTIALING FILE OF DR. GOROSPE.**

In her *Response to WCH's Motion to Quash*, Plaintiff has wholly misconstrued the peer review privilege in Oklahoma. Plaintiff essentially ignores the restrictions and limitations on discovery of peer review information and data and argues that she is entitled to WCH's entire peer review and credentialing file of Dr. Gorospe. This argument is wholly incorrect and should be rejected by this Court.

Peer review information is "private, confidential, and privileged." OKLA. STAT. tit. 63 § 1-1709.1(B)(1).[1] There are only two exceptions to the peer review privilege.[2] To wit:

> C. In any civil action in which a patient or patient's legal representative has alleged that the patient has suffered injuries resulting from negligence by a health care professional in providing health care services to the patient in a health care entity, factual statements, presented during a peer review process utilized by such health care entity, regarding the patient's health care in the health care entity from individuals who have personal knowledge of the facts and circumstances surrounding the patient's health care shall not be subject to discovery.
> D. 1. In any civil action in which a patient or patient's legal representative has alleged that the health care entity was independently negligent as a result of permitting the health care professional to provide health care services to the patient in the health care entity, the credentialing and recredentialing data, and the recommendations made and action taken

---

[1]  The "peer review process" is "any process, program, or proceeding, <u>including a credentialing or recredentialing process</u>, utilized by a healthcare facility or county medical society to assess, review, study, or evaluate the credentials, competence, professional conduct or healthcare services of a healthcare professional." OKLA. STAT. tit. 63 § 1-1709.1(A)(6)(emphasis added). Further, "[p]eer review information" means "all records, documents, and other information generated during the course of a peer review process, including any reports, statements, memoranda, correspondence, record of proceedings, materials, opinions, findings, conclusions, and recommendations . . . ." OKLA. STAT. tit. 63 § 1-1709.1(A)(5).

[2]  While federal courts have identified a third exception to the peer review privilege, it only applies when a party brings federal anti-trust or anti-discrimination claims related to a hospital's peer review activities. This is not case here; thus, this exception is not applicable. *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058 (7th Cir. 1981).

>> as a result of any peer review process utilized by such health care entity regarding the health care professional prior to the date of the alleged negligence shall be subject to discovery pursuant to the Oklahoma Discovery Code.
> 2. Any information discovered pursuant to this subsection:
>> a. shall not be admissible as evidence until a judge or jury has first found the health care professional to have been negligent in providing health care services to the patient in such health care entity, and
>> b. shall not at any time include the identity or means by which to ascertain the identity of any other patient or health care professional.

OKLA. STAT. tit. 63 § 1-1709.1(C) and (D). Thus, under § 1-1709.1(D), when a plaintiff alleges a negligent credentialing claim, she is only entitled to discover "… the [1] credentialing and recredentialing data, and [2] the recommendations made and action taken as a result of any peer review process utilized by such health care facility regarding the health care professional ***prior to the date of the alleged negligence*** shall be subject to discovery pursuant to the Oklahoma Discovery Code." § 1-1709.1(D)(1)(emphasis added). All other information is privileged and not subject to disclosure.

In this case, WCH has already provided the Court and all other parties a privilege log, and in addition, WCH has provided copies of the pertinent documents to the Court for the Court's inspection. **[Dkt. #61]**. As of the filing of this *Reply*, the Court has not ruled that any of these documents, which included peer review information, are discoverable by Plaintiff. One of the reasons WCH's counsel requested that the deposition be postponed was to wait for a ruling from the Court regarding the discoverability of these documents. In short, if the Court rules that the documents submitted for *in camera* inspection are found to be privileged and shielded from discovery, then Plaintiff would be prohibited from obtaining this information and these documents during the deposition of WCH's corporate representative. Plaintiff's

3

argument that she is entitled to all documents and information in WCH's peer review and credentialing file of Dr. Gorospe is without merit, and WCH's *Motion to Quash* should be granted.

The *Strubhart v. Perry Memorial Hospital Trust Authority*, 1995 OK 10, 903 P.2d 263, does not allow for unfettered discovery of peer review information and data. Instead, the *Strubhart* decision recognized a limited cause of action against based on corporate negligence by "imposing a duty of ordinary care on hospitals to ensure that: 1) only competent physicians are granted staff privileges, and 20 once staff privileges have been granted to a competent physician the hospital takes reasonable steps to ensure patient safety when it knows or should know the staff physician has engaged in a pattern of incompetent behavior." *Id* at ¶ 37, p. 276.  Nothing in the *Strubhart* case allows for the complete disclosure of peer review information, despite Plaintiff's argument to the contrary.

Further, Plaintiff is not entitled to any documents *after* the care at issue occurred. When a plaintiff alleges a negligent credentialing claim, OKLA. STAT. tit. 63 § 1-1709.1(D)(1) expressly provides that only credentialing and recredentialing data and the actions taken and recommendations made ***prior to the date of the alleged negligence*** are discoverable.  All other peer review information and data is privileged and should not be disclosed.  Plaintiff's attempts to argue that she is entitled to this information are disingenuous and directly contradict Oklahoma law.

Moreover, any peer review information and data dated after the alleged negligence is irrelevant in this case.  Nothing that occurred after Ms. Harvey's care is relevant to whether WCH negligently credentialed Dr. Gorospe.  Documents dated after

the care at issue have absolutely no bearing on this litigation.  Plaintiff has alleged a negligent credentialing claim against WCH.  Any credentialing and recredentialing data, actions taken and recommendations made *after* the care to Ms. Harvey was provided do not serve to advance Plaintiff's case in any way, do not tend to show that WCH was negligent, cannot be used to prove prior alleged negligence, and are completely irrelevant.  Information generated after the alleged negligent care is not reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, Plaintiff's *Notice* should be quashed as those topics which seek post-dated information.

## II.   PLAINTIFF CANNOT FORCE INDIVIDUALS INVOLVED IN THE PEER REVIEW PROCESS TO TESTIFY.

OKLA. STAT. tit. 63 § 1-1709.1(E) specifically prohibits those involved in peer review from testifying about the peer review process.  To wit: **"no person involved in a peer review process may be permitted or required to testify regarding the peer review process in any civil proceeding or disclose by responses to written discovery requests any peer review information."** (emphasis added). Plaintiff argues that she is merely seeking information and facts known about Dr. Gorospe; however, as set forth in OKLA. STAT. tit. 63 § 1-709.1(C), "factual statements, presented during a peer review process utilized by such health care entity, regarding the patient's health care in the health care entity from individuals who have personal knowledge of the facts and circumstances surrounding the patient's health care shall ___not___ be subject to discovery." (emphasis added).

Plaintiff has attempted to confuse the issues in this case by arguing that she is not seeking peer review information; however, any facts and/or complaints that arose during the peer review process are clearly protected under Oklahoma law.  As such, to the extent

5

Plaintiff's *Notice* seeks factual information disclosed during the peer review process, it should be quashed.

### III.   PLAINTIFF'S *NOTICE* SEEKS INFORMATION THAT IS PROTECTED BY HIPAA.

Plaintiff argues any information protected by HIPAA should be included on the privilege log that was provided by WCH. This argument should be rejected by this Court. Plaintiff is seeking the protected health information of third-parties who are wholly unrelated to this case. Requiring WCH to list every document in the hospital that is protected by HIPAA is absurd. This would result in WCH including millions of pages of irrelevant and unrelated documents on a privilege log. The care provided to other patients of Dr. Gorospe is irrelevant. Those patients are not parties to this lawsuit, and they have not authorized the release of their personal protected health information. Because information relating to Dr. Gorospe's treatment of other patients requires the disclosure of third-parties' protected health information, Plaintiff's *Notice* should be quashed as to that issue.

WHEREFORE, premises considered, Wagoner Community Hospital hereby submits its *Reply in Support of its Motion to Quash Notice of Deposition of Corporate Representative* and respectfully requests that the Court quash Plaintiff's *Notice* as to the privileged and undiscoverable information sought and for any other relief to which it is entitled.

Respectfully submitted,

/s/ Jason C. Rush
Jason C. Rush, OBA# 20322
Grant A. Fitz, OBA#19806
RODOLF & TODD
2000 Mid-Continent Tower
401 South Boston Avenue
Tulsa, Oklahoma  74103
(918) 295-2100

*ATTORNEYS FOR DEFENDANT WAGONER HOSPITAL AUTHORITY D/B/A WAGONER COMMUNITY HOSPITAL*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of June, 2015, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of an Electronic Filing to the following ECF registrants (names only are sufficient):

Robert Alan Rush, Esq. – rrush@loganlowry.com
E.C. Gilbreath, Esq. – attysatlaw@aol.com
Timothy G. Best, Esq. – tbest@bestsharp.com
Benjamin Reed, Esq. – breed@bestsharp.com

/s/ Jason C. Rush